**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DC SHOES, INC., | Civil Action No. 11 CIV-6074-JSR |
| Plaintiff, | **PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ANTHONY STEGER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| -vs- | |
| IQ 185, LLC aka IQ 185 DESIGN APPAREL, a Domestic Limited Liability Company; and DOES 1-10, inclusive | |
| Defendant. | Hon. Jed S. Rakoff |

1

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **Monday**, **September 10, 2012** at **11:00 a.m.**, Plaintiff DC Shoes, Inc.'s Application for Default Judgment against Defendant ANTHONY STEGER pursuant to Federal Rule of Civil Procedure 55 on its claim for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114, will be heard by this Court, located at **500 Pearl Street**, **New York, New York, 10007** in **Courtroom 14-B** before the **Honorable Jed S. Rakoff**.  Defendant has been served with the Summons and Complaint in this action, and the Clerk of this Court has entered default against Defendant due to Defendant's failure to file a responsive pleading or otherwise appear in this action.

Plaintiff hereby seeks a permanent injunction against Defendant in addition to costs incurred in connection with this action.

This Motion is based on this Notice, the Affidavit of Cindy Chan, the Memorandum of Points and Authorities in support of this Application for Default Judgment, and the pleadings, files and other matters that may be presented at the hearing.

Dated:       August 21, 2012                  Respectfully Submitted,
             Los Angeles, California

/s/ Cindy Chan_____
Brent H. Blakely (BB 1966)
Cindy Chan (CC 1981)
Blakely Law Group
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile:  (323) 464-7410
***Attorney for Plaintiff DC Shoes, Inc.***

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.  INTRODUCTION

On August 30, 2011, Plaintiff DC Shoes, Inc. filed a Complaint in the above-entitled matter against Defendant IQ 185, LLC for trademark infringement, and related claims arising out of Defendant's infringing use of its federally registered DC Marks.  On February 9, 2012, an Amended Complaint was filed to include Defendants Anthony Steger and Erica Waterman after Plaintiff discovered that they were also involved in the advertisement, offering for sale, and sale of disputed products.  Defendant Anthony Steger has been served with the Summons and Complaint in this action, and the Clerk of this Court has entered default against Defendant due to Defendant's failure to file a responsive pleading or otherwise appear in this action.  Plaintiff has satisfied the requirements of FRCP 55.  Consequently, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Default Judgment against Defendant Anthony Steger.

### B.  PLAINTIFF'S ALLEGATIONS

The First Amended Complaint ("FAC") states in pertinent part as follows:

DC Shoes has been and is now engaged in the business of manufacturing, promoting, distributing, and selling high-quality action sports-related merchandise, including but not limited to clothes, surf and skate accessories, swimwear, and footwear. (FAC, ¶ 10)  In or around February of 2000, DC Shoes obtained the registration for the DC 7-Star mark in the form set forth below (the "DC 7-Star Mark").  DC Shoes' registrations for the DC 7-Star Mark include the following U.S. registration numbers: 2317622, 2427124, and 3040219.  In addition, DC Shoes is the owner of the mark DCSHOECOUSA (the "DCSHOECOUSA Mark").  DC Shoes' applications and registrations for the DCSHOECOUSA Mark include the following U.S. registration/application numbers:  2074045, 2449069, 3040220, and 77870623.  The DC 7-Star Mark and the DCSHOECOUSA Mark shall hereinafter be referred to together as the "DC Marks" (see below).



(FAC, ¶ 11)

The registrations for these DC Marks are valid, subsisting, and exclusively owned by DC Shoes. At all times relevant hereto, the DC Marks have been continually used by DC Shoes in most of the world and in the United States, on or in connection with the manufacture, distribution, sale and promotion of its products. (FAC, ¶ 12)

As a result of the widespread and continuous use, advertisement, and promotion of DC Shoes products in connection with the DC Marks, they have become famous and recognized by consumers throughout the United States and the world as identifying DC Shoes as the source of a wide variety of clothing and related goods and as distinguishing such goods from those of others. (FAC, ¶ 13) The DC Marks have come to represent and symbolize the excellent reputation of DC Shoes products and valuable goodwill among members of the public throughout the world and in the United States, including New York. (FAC, ¶ 14)

Defendants have operated and/or continue to operate an online store – www.NotForPot.com – which advertises, distributes, offers for sale, and/or sells marijuana-related apparel and accessories. (FAC, ¶ 15) Customers nationwide can purchase products offered on www.NotForPot.com. (FAC, ¶ 16) In or around August of 2010, Plaintiff discovered that products bearing logos that confusingly similar to the DC Marks ("Infringing Products") were being sold, distributed, advertised, and promoted on www.NotForPot.com. Such logos include the interlocking letters "O" and "G" and a

marijuana leaf, and "OGKUSHUSA" as pictured below (together, the "Infringing Marks").



(FAC, ¶ 17)

Plaintiff has on various occasions notified Defendants of DC Shoes' rights to the DC Marks, and requested Defendants to cease and desist from selling Infringing Products and/or any products with marks confusingly similar to the DC Marks. (FAC, ¶ 18) Defendants have refused to comply with Plaintiff's demands and to this date are still selling Infringing Products on www.NotForPot.com.  (FAC, ¶ 19)

Long after Plaintiff's adoption and use of its trademarks on its products, and long after Plaintiff's federal registration of its trademarks, Defendants, on information and belief, commenced the manufacture, distribution, and sale of merchandise bearing counterfeits and infringements of the DC Marks as those marks appear on Plaintiff's products and as shown in the U.S. Trademark Registrations set forth in this Complaint. (FAC, ¶ 20)

### C. PROCEDURAL HISTORY

A copy of the Amended Summons and Complaint was served on Anthony Steger via substituted service on July 5, 2012.  (Chan Decl., ¶ 5)   On August 21, 2012 the Clerk

of this Court entered default against Defendant due to Defendant's failure to file a responsive pleading or otherwise appear in this action. (Chan Decl., ¶ 6, Ex. 3)

Plaintiff has reached settlements with Defendants IQ 185, LLC and Effi Oren, and Erica Waterman, who have now been dismissed from the action. (See Docket Nos. 23 and 34)

### D. LEGAL ARGUMENT

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint ...." [Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.1981) (citations omitted)] However, the court cannot construe the damages alleged in the complaint as true. [See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir.1999) (citations omitted)] Rather, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." [Id.]

An inquest is not required for injunctive relief as it is granted upon a showing of infringement, which is established in a default judgment action. [Cotton v. Slone, 4 F.3d 176, 181 (2d Cir.1993) ("factual allegations are taken as true in light of the general default judgment"); Time Warner Cable of N.Y. City v. Barnes, 13 F.Supp.2d 543, 547 (S.D.N.Y.1998)]

Plaintiff has set forth a well-pleaded Complaint, and has listed all the essential facts and elements as to each of its causes of action against Defendants, including a cause of action for Federal Trademark Infringement under 15 U.S.C. § 1114 of the Lanham Act.

To prevail on its trademark infringement claim under the Lanham Act, Plaintiff must prove that, without its consent, Defendants used in commerce a reproduction or copy of Plaintiff's registered trademark in connection with the sale or advertising of any goods or services, and that such use is likely to cause confusion, mistake, or deceive customers. [15 U.S.C. §1114(a)(1)] As such, Plaintiff properly alleges the necessary

elements for a cause of action for trademark infringement in violation of the Lanham Act. The complaint identifies Plaintiff's ownership of and exclusive rights to use DC Marks. (FAC, ¶¶ 11-12)  Defendants have advertised, offered for sale, and sold products bearing marks confusingly similar to the DC Marks on the website – www.notforpot.com. (FAC, ¶¶ 15 – 20)  Finally, Plaintiff's Complaint alleges that Defendants' infringing use of the DC Marks is likely to cause confusion or mistake or to deceive customers and has thereby caused damage to Plaintiff.  (FAC, ¶¶ 23 - 25).  Thus, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

### E.     CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that this Court enter default judgment against Defendant Anthony Steger in addition to the issuance of a Permanent Injunction against Defendant and an award of costs of this action.

Dated:     August 21, 2012               Respectfully Submitted,
           Los Angeles, California

                                         /s/ Cindy Chan_____
                                         Brent H. Blakely (BB 1966)
                                         Cindy Chan (CC 1981)
                                         Blakely Law Group
                                         915 North Citrus Avenue
                                         Hollywood, California 90038
                                         Telephone: (323) 464-7400
                                         Facsimile:  (323) 464-7410
                                         ***Attorney for Plaintiff DC Shoes, Inc.***