**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DC SHOES, INC., <br><br> Plaintiff, <br><br> -vs- <br><br> IQ 185, LLC aka IQ 185 DESIGN APPAREL, a Domestic Limited Liability Company; and DOES 1-10, inclusive <br><br> Defendant. | Civil Action No. 11-CIV-6074 JSR <br><br> **AFFIDAVIT OF CINDY CHAN IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ANTHONY STEGER** |

## <u>AFFIDAVIT OF CINDY CHAN</u>

I, CINDY CHAN, being duly sworn, deposes and says:

1.     I am a member of the Bar of this Court and am associated with the BLAKELY LAW GROUP, attorneys for Plaintiff DC Shoes, Inc. in the above-entitled action and I am familiar with all the facts and circumstances in this action.

2.     I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of Plaintiff's Request for entry of default against Defendant **Anthony Steger.**

3.     This action was commenced on August 30, 2011 by the filing of the Summons And Complaint. On February 9, 2012, an Amended Complaint was filed to include Defendants Anthony Steger and Erica Waterman after Plaintiff discovered that they were also involved in the advertisement, offering for sale, and sale of disputed products on the website- www.notforpot.com.  Attached  hereto and incorporated herein as **Exhibit 1** is a true and correct copy of the First Amended Complaint.

4.     A copy of the Amended Summons And Complaint was served via substituted service on Defendant Anthony Steger on July 5, 2012.

5.     Defendant has not answered the Complaint and the time for the Defendant to file an answer or other responsive pleading has expired.  Consequently, the clerk of this Court entered default against Defendant Steger on August 21, 2012.  Attached hereto and incorporated herein as **Exhibit 2** is a true and correct copy of the Clerk's Certificate of Default as to Anthony Steger.

6.     Defendant Anthony Steger is not a minor, mentally incompetent nor in the military service of the United States.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Cindy Chan
Los Angeles, California
August 21, 2012

2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DC SHOES, INC., | Civil Action No. 11-CIV-6074 JSR |
| Plaintiff, | **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** |
| -vs- | |
| IQ 185, LLC aka IQ 185 DESIGN APPAREL, a Domestic Limited Liability Company; EFFI OREN, an individual; ANTHONY STEGER, an individual; ERICA WATERMAN, an individual; and DOES 1-10, inclusive. | |
| Defendants. | |



Plaintiff **DC Shoes, Inc.**, for its claims against Defendants **IQ 185, LLC aka IQ 185 Design Apparel**, **Effi Oren**, **Anthony Steger**, and **Erica Waterman** (collectively "Defendants"), respectfully alleges as follows:

1.     This is an action for trademark infringement, false designation of origin and false descriptions, and trademark dilution under the Lanham Act (15 U.S.C. §§ 1114, 1117, 1125(a), (c), and (d)); injury to business reputation under New York General Business Law § 360-1; and for common law unfair competition.

<u>**JURISDICTION AND VENUE**</u>

2.     This claim arises under the Lanham Act of 1946, 15 U.S.C. §1051, et seq. This Court has subject matter jurisdiction over the claims in this action relating to trademark infringement and trademark dilution under 15 U.S.C. §1121(a) and 28 U.S.C. §§1331, 1338(a), and 1367.

3.     This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since

**EXHIBIT 1**

the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.      This Court has personal jurisdiction over Defendants because Defendants are incorporated, reside, and/or conduct business within this judicial district.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

6.      Plaintiff DC Shoes, Inc. ("Plaintiff" or "DC Shoes") is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in Huntington Beach, California.

7.      Upon information and belief, Defendant IQ 185, LLC aka IQ 185 Design Apparel ("IQ 185") is a Limited Liability Company with its principal place of business at 53 East 34th Street, New York, New York 10016.

8.      Upon information and belief, Defendant Effi Oren is an individual residing in this judicial district and/or conducts business at IQ 185.

9.      Upon information and belief, Defendants Anthony Steger and Erica Waterman are individuals who conduct business within this judicial district, and the claims alleged herein arise there from.

10.     Plaintiff is unaware of the names and true capacities of Defendant, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiff is informed and believes, and based thereon alleges, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein and, that at all times references, each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

11.    Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CLAIMS

**A.    The DC Brand and the DC Marks**

10.    DC Shoes has been and is now engaged in the business of manufacturing, promoting, distributing, and selling high-quality action sports-related merchandise, including but not limited to clothes, surf and skate accessories, swimwear, and footwear.

11.    In or around February of 2000, DC Shoes obtained the registration for the DC 7-Star mark in the form set forth below (the "DC 7-Star Mark").  DC Shoes' registrations for the DC 7-Star Mark include the following U.S. registration numbers: 2317622, 2427124, and 3040219.  In addition, DC Shoes is the owner of the mark DCSHOECOUSA (the "DCSHOECOUSA Mark").  DC Shoes' applications and registrations for the DCSHOECOUSA Mark include the following U.S. registration/application numbers:  2074045, 2449069, 3040220, and 77870623.  The DC 7-Star Mark and the DCSHOECOUSA Mark shall hereinafter be referred to together as the "DC Marks" (see below).



DCSHOECOUSA

PLAINTIFF'S FIRST AMENDED COMPLAINT

12.     The registrations for these DC Marks are valid, subsisting, and exclusively owned by DC Shoes. At all times relevant hereto, the DC Marks have been continually used by DC Shoes in most of the world and in the United States, on or in connection with the manufacture, distribution, sale and promotion of its products.

13.     As a result of the widespread and continuous use, advertisement, and promotion of DC Shoes products in connection with the DC Marks, they have become famous and recognized by consumers throughout the United States and the world as identifying DC Shoes as the source of a wide variety of clothing and related goods and as distinguishing such goods from those of others.

14.     The DC Marks have come to represent and symbolize the excellent reputation of DC Shoes products and valuable goodwill among members of the public throughout the world and in the United States, including New York.

**B.    Defendants' Infringement of the DC Marks**

15.     Upon information and belief, Defendants have operated and/or continue to operate an online store – www.NotForPot.com – which advertises, distributes, offers for sale, and/or sells marijuana-related apparel and accessories.

16.     Customers nationwide can purchase products offered on www.NotForPot.com.

17.     In or around August of 2010, Plaintiff discovered that products bearing logos that confusingly similar to the DC Marks ("Infringing Products") were being sold, distributed, advertised, and promoted on www.NotForPot.com.  Such logos include the interlocking letters "O" and "G" and a marijuana leaf, and "OGKUSHUSA" as pictured below (together, the "Infringing Marks").



18.     Plaintiff has on various occasions notified Defendants of DC Shoes' rights to the DC Marks, and requested Defendants to cease and desist from selling Infringing Products and/or any products with marks confusingly similar to the DC Marks.

19.     Defendants have refused to comply with Plaintiff's demands and to this date are still selling Infringing Products on www.NotForPot.com.

20.     Long after Plaintiff's adoption and use of its trademarks on its products, and long after Plaintiff's federal registration of its trademarks, Defendants, on information and belief, commenced the manufacture, distribution, and sale of merchandise bearing counterfeits and infringements of the DC Marks as those marks appear on Plaintiff's products and as shown in the U.S. Trademark Registrations set forth in this Complaint.

### FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under the Lanham Act)

21.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

22.     The DC Marks are recognized internationally and domestically, including within the Southern District of New York, as being affixed to goods and merchandise of the highest quality and as originating from Plaintiff.

23.     Defendants' unauthorized use of the Infringing Marks in interstate commerce and advertising relating to same constitutes false designation of origin and a

false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff, or come from the same source as Plaintiff's goods, and thus are of the same quality as that assured by the DC Marks.

24.     Defendants' use of the DC Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

25.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

26.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with the DC Marks.

27.     Defendants' acts violate the Lanham Act.

28.     As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants' are restrained by this Court from infringing upon the DC Marks.

29.     Plaintiff has no adequate remedy at law.

30.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Infringing Marks, DC Marks, or any marks confusingly similar thereto, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts; all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known; the costs of this action pursuant to 15 U.S.C. § 1117(a); attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c)

## SECOND CLAIM FOR RELIEF

### (False Designations of Origin & False Descriptions – 15 U.S.C. § 1125(a))

31.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

32.     Defendants' unauthorized use of the DC Marks on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods when in fact they do not.

33.     Defendants' use of the DC Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

34.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

35.     Plaintiff has no adequate remedy at law.

36.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the DC Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Trademark Dilution – 15 U.S.C. § 1125(c))

37.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

38.     The DC Marks are "famous" within the meaning of the Lanham Act.

39.     Defendants have used in commerce, in connection with the sale of its products, counterfeit reproductions of the DC Marks.

40.    Defendants' acts are likely to cause, and most likely have caused, confusion or mistake as to the affiliation, connection, or association between Defendants and Plaintiff, or as to the origin, sponsorship, or approval of said infringing goods.

41.    In using the Infringing Marks in connection with Defendants' marijuana-related products, Defendants have diluted and continues to dilute Plaintiff's DC Marks by tarnishment. These acts violate the Lanham Act, have injured and, unless restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, as well as irreparably injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's trademarks.

42.    Upon information and belief, Defendants' unlawful actions began long after the DC Marks became famous.

43.    Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute the DC Marks. Defendants' conduct is willful, wanton and egregious.

44.    Plaintiff has no adequate remedy at law to compensate them fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless Defendants are enjoined by this Court.

45.    In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the DC Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Injury to Business Reputation – NY General Business Law § 360-1)

46.    Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

47.    Due to Plaintiff's extensive sales, and significant advertising and promotional activities, the DC Marks have achieved widespread acceptance and

recognition among the consuming public and the trade throughout the United States and abroad.

48.     Plaintiff's arbitrary and distinctive trademarks identify Plaintiff as the source/origin of the goods on which it appears.

49.     Defendants have caused and will continue to cause irreparable injury to Plaintiff's good will and business reputation, in violation of New York, General Business Law § 360-1 (2003).

50.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the DC Marks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

51.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

52.     Plaintiff owns and enjoys common law trademark rights to its marks throughout the United States, including within the state of New York.

53.     Defendants' unlawful acts in appropriating rights in Plaintiff's common law trademarks were intended to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain.  Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for their respective trademarks.  As a result of Plaintiff's efforts, Defendants are now unjustly enriched and is benefiting from property rights that rightfully belong to Plaintiff.

54.     Defendants' unauthorized use of the DC Marks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiff.

55.     Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

56.     Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from its unlawful conduct.

57.     The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights.  Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants, and to deter Defendants from similar conduct in the future.

58.     Plaintiff has no adequate remedy at law.

59.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the DC Marks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

### SIXTH CLAIM FOR RELIEF

### (Misappropriation and Unfair Competition Under New York Common Law)

60.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

61.     Defendants' aforesaid acts constitute misappropriation and infringement of Plaintiff's property rights, goodwill and reputation and unfair competition under common law of the State of New York.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

A.     Granting permanent injunctive relief restraining Defendants, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

(1)     Manufacturing, distributing, advertising, offering for sale, and/or selling any Infringing Products and/or products bearing the DC Marks, or any other marks confusingly similar thereto, including but not limited to the Infringing Marks at issue;

(2)     Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiff;

(3)     Otherwise infringing Plaintiff's registered and common law family of trademarks and copyrighted designs;

(4)     Otherwise diluting Plaintiff's family of trademarks and copyrights;

(5)     Unfairly competing with Plaintiff.

B.     Awarding actual damages suffered by Plaintiff as a result of Defendants' acts;

C.     Ordering an accounting by Defendants of all gains, profits and advantages derived from its wrongful acts;

D.     Ordering Defendants to disgorge its profits;

E.     Awarding all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117.

F.     Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

G.     Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1117(c);

H.     Awarding applicable interest, costs, disbursements and attorneys' fees;

I.     Awarding Plaintiff punitive damages in connection with its claims under California law; and

J.      Awarding Plaintiff such other and further relief as the Court deems just and proper.


Dated:      January 24, 2012                    Respectfully Submitted,
            Los Angeles, California

                                                _____
                                                Cindy Chan (CC1981)
                                                Blakely Law Group
                                                915 North Citrus Avenue
                                                Hollywood, California 90038
                                                Telephone: (323) 464-7400
                                                Facsimile:  (323) 464-7410
                                                *Attorney for Plaintiff DC Shoes, Inc.*


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff DC Shoes, Inc. hereby demands a trial by jury of all claims in this litigation.


Dated:      January 24, 2012                    Respectfully Submitted,
            Los Angeles, California

                                                _____
                                                Cindy Chan (CC1981)
                                                Blakely Law Group
                                                915 North Citrus Avenue
                                                Hollywood, California 90038
                                                Telephone: (323) 464-7400
                                                Facsimile:  (323) 464-7410
                                                *Attorney for Plaintiff DC Shoes, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DC SHOES, INC., | Civil Action 11-CIV-6074 JSR |
| Plaintiff, | **CLERK'S CERTIFICATE OF DEFAULT AS TO DEFENDANT ANTHONY STEGER** |
| -vs- | |
| IQ 185, LLC aka IQ 185 DESIGN APPAREL, a Domestic Limited Liability Company; EFFI OREN, an individual; ANTHONY STEGER, an individual; ERICA WATERMAN, an individual; and DOES 1-10, inclusive. | |
| Defendants. | |

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 8/21/12

I, Ruby J. Krajick, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on August 30, 2011 with the filing of a summons and complaint, a copy of the summons and first amended complaint was served on Defendant Anthony Steger and proof of such service thereof was filed on July 6, 2012.

I further certify that the docket entries indicate that Defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of Defendant **ANTHONY STEGER** is hereby noted.

Dated:    August 21, 2012          Ruby J. Krajick
          NYC, New York            Clerk of Court


                        By: _____
                             Deputy Clerk

**EXHIBIT 2**